My Size, Inc. v North Empire LLC (2023 NY Slip Op 01064)

My Size, Inc. v North Empire LLC

2023 NY Slip Op 01064

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 653901/18 Appeal No. 17410 Case No. 2022-00707 

[*1]My Size, Inc., Plaintiff-Appellant-Respondent,
v
North Empire LLC, Defendant-Respondent-Appellant.

Twersky PLLC, New York (Aaron Twersky of counsel), for appellant-respondent.
Koss & Schonfeld, LLP, New York (Jacob J. Schindelheim of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about December 30, 2021, which denied plaintiff's motion for summary judgment on its claim for breach of contract and summary judgment dismissing defendant's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing, and denied defendant's motion for summary judgment on its counterclaims and summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff and defendant entered into Security Purchase Agreements (SPAs) on March 10, 2015 and December 22, 2015, pursuant to which defendant agreed to provide plaintiff $1 million and $1.45 million in funding, respectively, in exchange for Zero Coupon Convertible Notes. Per their terms, the Notes were convertible to common shares of plaintiff's stock upon the stock being listed on a national securities exchange in the United States. Plaintiff's stock became listed on the Nasdaq stock exchange in July 2016, and defendant received its shares in April 2017. Plaintiff claims that defendant breached the SPAs because, while plaintiff fully performed its contractual obligations by issuing the shares of its stock, defendant failed to pay $616,364 of the full amount due under the agreements. Defendant, however, contends that it is relieved of its obligation to pay because plaintiff breached the SPAs by deliberately withholding its stock certificate for approximately eight months so that its stock could not be traded and that, when it finally received the stock certificate, the share price had dropped precipitously, resulting in it selling the shares for substantially less than what it could have obtained had plaintiff timely delivered the certificate. Defendant also seeks to recover damages for plaintiff's alleged breach.
The court correctly concluded that issues of fact preclude summary judgment in favor of either party. While it is undisputed that defendant did not pay plaintiff the full amount due under the SPAs, there are factual issues as to, among other things, whether plaintiff breached the agreements by wrongfully withholding and intentionally delaying delivery of the stock certificate; whether the delayed delivery was due to defendant's failure to satisfy the conditions precedent of surrendering the Notes and providing a Conversion Notice, as claimed by plaintiff; whether those conditions had been waived by plaintiff; and when defendant became aware of plaintiff's possession of defendant's stock certificate such that it could have provided plaintiff with a notice of default. Given the numerous issues of fact as to which party materially breached the SPAs, neither is
entitled to summary judgment on their respective claims (see Lavigne v Hirsch , 114 F3d 379, 387 [2d Cir 1997]; Nadeau v Equity Residential Props. Mgt. Corp. , 251 F Supp 3d 637, 641 [SD NY 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: February 28, 2023